# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL HOWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. HILDEBRAND, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01397-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ACCESS TO LAW LIBRARY<br>[ECF No. 8]<br><br>**THIRTY-DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Israel Howard is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for access to the law library, filed November 27, 2017. (ECF No. 8.) Plaintiff states that he has made requests to have proper access to the law library to gather research on his pending civil suit, but has been met with refusals and unanswered requests. Plaintiff seeks a court order admonishing the prison officials to cease delaying and denying him the access to the law library that he seeks. The Court construes Plaintiff's motion as a request for a preliminary injunction.

1

**II.**

**DISCUSSION**

**A.     Legal Standards**

A preliminary injunction is an extraordinary remedy never awarded as of right. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); <u>Summers, 555 U.S. at</u> 493; <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-104 (1998).

**B.     Analysis**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has not yet screened Plaintiff's complaint and determined whether there are any cognizable claims in this action. Moreover, Plaintiff's complaint concerns allegations of excessive force, denial of medical care, and retaliation. These asserted claims are unrelated to his allegations that he is being denied sufficient law library access. Thus, the pendency of this action does not provide a basis for the Court to issue an order for the injunctive relief that Plaintiff seeks.

Plaintiff is also generally advised that priority law library access tends to be provided to those with a pending litigation deadline. In this case, Plaintiff currently does not have any pending deadlines to meet. If and when Plaintiff is under a pending deadline, he should be able to make a request for law library access supported by the Court's order setting any such deadline. In the Court's experience, court intervention is rarely required under such circumstances.

Based on the foregoing, the Court will recommend that Plaintiff's motion be denied.

## III.

## ORDER AND RECOMMENDATION

According, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order directing that he be provided law library access (ECF No. 8.) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

///

3

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2017**

UNITED STATES MAGISTRATE JUDGE