# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL HOWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. HILDEBRAND, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01397-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>[ECF Nos. 1, 11, 12]<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Israel Howard is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On March 16, 2018, the Court screened Plaintiff's complaint and found that it stated a cognizable claim for (1) excessive force in violation of the Eighth Amendment against Sergeants Hildebrand and Garza; (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Sergeants Hildebrand and Garza, and Officer Marquez; (3) Eighth Amendment unconstitutional conditions of confinement against Sergeant Hildebrand and Officer Marquez; and (4) retaliation in violation of the First Amendment against Sergeant Hildebrand. (ECF No. 11.) The Court also identified deficiencies in the complaint, and granted Plaintiff an opportunity to amend his complaint, or to notify the Court that he is agreeable to proceeding only on the claims identified as cognizable. (*Id.*)

On April 2, 2018, Plaintiff notified the Court that he will not amend his complaint, and agrees to proceed only on the claims found to be cognizable in the Court's March 16, 2018 screening order. (ECF No. 12.) As a result, the Court will recommend that this action only proceed on the claims identified above, and all other claims and defendants be dismissed for the

1

reasons stated in the Court's March 16, 2018 screening order. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim for (1) excessive force in violation of the Eighth Amendment against Sergeants Hildebrand and Garza; (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Sergeants Hildebrand and Garza, and Officer Marquez; (3) Eighth Amendment unconstitutional conditions of confinement against Sergeant Hildebrand and Officer Marquez; and (4) retaliation in violation of the First Amendment against Sergeant Hildebrand; and

2. All other claims and defendants be dismissed for failure to state a claim upon which relief could be granted for the reasons explained in the Court's March 16, 2018 order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 4, 2018__

_____
UNITED STATES MAGISTRATE JUDGE