UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. HILDEBRAND, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-01397-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR THE FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES BE GRANTED<br><br>(ECF No. 20)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Israel Howard is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Following screening, this case proceeds on Plaintiff's complaint for (1) excessive force in violation of the Eighth Amendment against Sergeants Hildebrand and Garza; (2) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Sergeants

1

Hildebrand and Garza, and Officer Marquez; (3) Eighth Amendment unconstitutional conditions of confinement against Sergeant Hildebrand and Officer Marquez; and (4) retaliation in violation of the First Amendment against Sergeant Hildebrand. (ECF No. 1.)

On July 18, 2018, Defendants filed a motion to dismiss Plaintiff's complaint arguing that Plaintiff failed to exhaust his administrative remedies against them before filing suit. (EFC No. 20.) Defendants also filed a request for judicial notice in support of the motion. (ECF No. 21.)

On July 30, 2018, Plaintiff filed an opposition to Defendant's motion to dismiss. (EFC No. 22.) On August 6, 2018, Defendants replied to Plaintiff's opposition. (EFC No. 23.)

The motion is now deemed submitted. Local Rule 230(l).

## II.

## LEGAL STANDARDS

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory requirement, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (citing Booth v Churner, 532 U.S. 731, 741(2001)), and prisoners are required to have exhausted all available administrative remedies before commencing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion is required regardless of the relief sought by the prisoner or offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

As noted above, Plaintiff in this case is a California state prisoner. The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. The CDCR requires a prison inmate to satisfy the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as

having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id. Cal. Code Regs. Tit. 15 § 3084.8(c)(3).

California state prisoners are required to use this process to exhaust their claims prior to filing suit. McKinney, 311 F.3d at 1199-1201; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). That is, exhaustion requires that the third level of administrative review must have been completed prior to filing the lawsuit, and exhaustion may not occur during the pendency of the federal suit. McKinney, 311 F.3d at 1200; Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In ruling on a motion to dismiss, a court may consider documents attached to or referenced in the complaint. See Branch v. Tunnell, 14 F.3d 449, 453–54 (9th Cir. 1994). A court may also consider matters of judicial notice on a motion to dismiss. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted)

A claim may be dismissed under Rule 12(b)(6) if it is clear from the face of the complaint that the plaintiff has failed to exhaust available administrative remedies. Albino, 747 F.3d at 1166 (citing Jones, 549 U.S. at 204, 216). The proper remedy is dismissal without prejudice. McKinney, 311 F.3d at 1200-1201.

///

///

///

///

# III.

# DISCUSSION

### A. Summary of Plaintiff's Allegations[1]

The Court accepts Plaintiff's allegations as true for evaluating this motion. The events at issue occurred while Plaintiff was incarcerated at Kern Valley State Prison ("KVSP").

On July 15, 2016, Defendant Hildebrand called Plaintiff to the program office. Plaintiff was placed inside a standing cage, which was inside a room similar to a broom or storage room. Plaintiff was told to enter, and he complied. Once Plaintiff entered, Defendant Hildebrand closed the door and said, "Look, snitch, 3rd level [referring to Sacramento] got your 602. Drop it or sh—t can get real ugly." (Compl. 7.) He then closed the door, leaving Plaintiff in the cage.

Twenty minutes later, Defendant Hildebrand returned with a nurse, who asked Plaintiff if he was having pain from an assault he had reported in March 2016. Plaintiff told the nurse he was, but was okay because that incident was so long ago.

After being threatened and suffering retaliation a few hours prior, Plaintiff was in the D-yard program office cages for a couple of hours, with no access to the restroom. As he stood calling out loudly, Defendant Hildebrand returned. Defendant Hildebrand then cracked the door and sprayed his MK9 Oleoresin Capsicum (OC) pepper spray in the air, saying, "Shut the f—ck up snitch, piss on yourself." (Compl. 5.) Defendant Hildebrand then shut the door. Plaintiff started coughing very hard, and felt a sharp pain in his chest. Plaintiff felt like he was dying. He called out to please get the doctor, "I can't breathe, I'm having an asthma attack!" (Id.)

For thirty to forty minutes, Plaintiff could barely stand there, breathless and coughing. Plaintiff urinated on himself, and cried out, "Why are you doing this to me?!" (Id.) Defendants Hildebrand and Garza came in the room and started spraying Plaintiff with mace all over his face and arms. While Plaintiff was blinded, Defendant Hildebrand opened the cage, threw Plaintiff to the floor, and sprayed mace on his groin area. They then handcuffed Plaintiff and sprayed mace in his ear canal, while Defendant Garza held Plaintiff's head down with his knee.

---

[1] Plaintiff's allegations are re-arranged chronologically for ease of understanding.

4

After lying helpless with mace covered all over Plaintiff's body, Plaintiff was escorted out of the program office by Defendant Marquez, to go back to his cell. Plaintiff pleaded to "get the doctor, I can't breath[e] or see!" (Id.) Plaintiff also begged to wash off the mace, but Defendant Marquez told him no. Defendants Hildebrand and Garza ordered Marquez to walk Plaintiff to his cell, and turned away the nurse. Plaintiff could hear the nurse saying, "I need to see if he is okay," but was told to turn away.

While being escorted by Defendant Marquez to Plaintiff's cell, Defendant Hildebrand ordered to "shut off his water." (Compl. 6.) Plaintiff was placed into his cell, and Defendant Marquez did as he was told, and shut off Plaintiff's water, so that he could not wash off the burning mace. Plaintiff had to use toilet water to clean his body, because he had no running water.

On August 8, 2016, Plaintiff received a Rules Violation Report ("RVR") as retaliation to cover Defendant Hildebrand for assaulting Plaintiff. The RVR was for delaying a peace officer. In the trumped-up report, Defendant Hildebrand lies about Plaintiff, and says that Plaintiff was attacking him. If Plaintiff was attacking a sergeant, he would not have been allowed to return to his cell, but would have been charged with battery on a peace officer, or threatening a peace officer, as mandated in Title 15.

**B.  Analysis**

In Plaintiff's complaint, he checked boxes indicating that there is an administrative appeal or administrative remedy process available at the institution, that he filed an appeal or grievance, and that the process is completed. (Compl. 2.) He further alleged that the appeal was partially granted because an appeal inquiry was made and his issues were adequately addressed. (Id.)

Defendants argue that, contrary to Plaintiff's allegations, Plaintiff did not receive a third level decision on his inmate appeal, and therefore he has failed to exhaust available administrative remedies prior to filing suit. In support, Defendants submit documents for Appeal Log No. KVSP-O-16-02506, which the Court can consider on a motion to dismiss because the appeal is referenced in the complaint. (ECF No. 21.)

///

According to the documents submitted with Defendants' request for judicial notice, Plaintiff submitted a CDCR Form 602 inmate appeal, dated August 9, 2016, regarding an incident of excessive force. (Appeal No. KVSP O-16-02506, ECF No. 21-1, at 3-6.) The document states that it was Plaintiff's second submittal regarding an incident that happened on July 15, 2016. (Id. at 3.) Plaintiff also submitted a CDCR Form 22 dated the same day, which states that the earlier Form 602 was on the same matter, sent via legal mail, and that Plaintiff retained a copy, but there was no receipt or log number provided. (8/9/16 CDCR Form 22, ECF No. 21-1, at 11.) The response gives Plaintiff Log No. KVSP O-16-02506 for his complaint. (Id.)

Plaintiff's CDCR Form 602 generally describes a July 15, 2016 incident involving Defendants Hildebrand and Garza, as alleged in Plaintiff's complaint. (Appeal No. KVSP O-16-02506, at 3, 5.) Although Defendant Marquez is not identified, Plaintiff also states that his water was shut off when he was returned to his cell so that he could not wash mace off his body, similar to what Plaintiff alleges in the complaint. (Id.) A letter dated August 23, 2016 from KVSP Appeals Coordinator A. Lucas states that Plaintiff's inmate appeal was accepted as a staff complaint. (8/23/16 Letter, ECF No. 21-1, at 10.)

A second level response was given to Plaintiff in a memorandum dated October 4, 2016. (10/4/16 Mem., ECF No. 21-1, at 7-8.) The response states that the appeal was processed, and that an inquiry was conducted into Plaintiff's allegations, including interviews with witnesses. (*Id*.) Plaintiff's appeal was therefore partially granted, in that an inquiry was completed, but it was found that staff did not violate CDCR policy. (*Id*.) The appeal further states that if Plaintiff wishes to "appeal the decision and/or exhaust administrative remedies, [he] must submit [his] staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Third Level of Review." (Id. at 8; see also id. ("Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.")).

On November 29, 2016, the Office of Appeal sent Plaintiff a letter stating that his appeal was rejected at the third level, pursuant to CCR Title 15, Section 3084.6(b)(7). (11/29/2016 Letter, ECF No. 21-1, at 2.) The letter further stated that Plaintiff's appeal was missing documents, and that he should take corrective action and resubmit the appeal. (Id.)

Plaintiff does not dispute the documents submitted, but instead argues that he is not required to appeal through the third level because he received the full extent of relief available under the administrative system at the second level. In reply, Defendants argue that Plaintiff's appeal was only partially granted, and therefore his appeal must have been submitted and accepted for decision at the third level of review before his claim would be deemed exhausted.

The Ninth Circuit has held that an administrative remedy is not available if prison officials inform the prisoner that he cannot file a grievance. See Williams v. Paramo, 775 F.3d 1182, 1191-92 (9th Cir. 2015) (prisoner's statements that she was thwarted from filing a grievance and appeal meet burden of production in showing that administrative remedies were not available to her). Similarly, a prisoner need not exhaust further levels of review if he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. See Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Plaintiff relies on Brown here to argue that because he received a partially granted response that his matter was referred for investigation, his remedies were exhausted, and he was not required to pursue his appeal any further.

In Brown, inmate Brown was notified that his appeal was partially granted because an investigation would be conducted, but he was further notified that the outcome of the investigation could not be provided to him. Id. at 931-32. Further, there was no indication that Brown could appeal the decision to a third level of review, and it was unclear what, if anything, could be appealed. Id. at 932. Thus, based on the second level response memorandum given to Brown in that case, he could reasonably have understood that no further relief was available to him through the appeals process once his appeal was partially granted at the second level. Id. at 937-38. Thus, Brown exhausted all remedies as were available under the circumstances.

In contrast to inmate Brown, Plaintiff in this case was notified through the second level response letter of the inquiry that was made, the interviews conducted and witnesses questioned, and advised of the outcome—that staff was found not to violate CDCR policy. The response also specifically advised Plaintiff that he could appeal the decision to the third level if he was dissatisfied with the outcome, and that he must do so to exhaust his administrative remedies.

The Ninth Circuit addressed a second case in Brown, that of inmate Hall, and found that Hall did not exhaust his administrative remedies in part because he was told that if he was dissatisfied with the second level decision in his case, further review was available. Id. at 941. Inmate Hall's circumstances are more like Plaintiff's case than inmate Brown's circumstances. Like inmate Hall, Plaintiff could not reasonably have presumed that he had no further relief available to him through the administrative process, as he was explicitly told that the third level of review was available, and that he must appeal to that level to exhaust administrative remedies. Moreover, Plaintiff does not dispute that he attempted to pursue an appeal to the third level, although his appeal was rejected. Therefore, Plaintiff did not exhaust available administrative remedies in this case. See Haro v. McEwen, No. CV 13-4887-PSG (PJW), 2016 WL 7187626, at *2 n.1 (C.D. Cal. Oct. 20, 2016) (contrasting Brown, where prisoner was told at the second level that he had taken appeal as far as it could go, with circumstances where prisoner told he should appeal to the Director), report and recommendation adopted sub nom. Haro v. Doe, No. CV 13-4887-PSG (PJW), 2016 WL 7187291 (C.D. Cal. Dec. 9, 2016). See also Gray v. Virga, No. 2:12-CV-3006 KJM AC, 2014 WL 309530, at *13 (E.D. Cal. Jan. 27, 2014) ("The result in Brown turned on the fact that the prisoner—unlike plaintiff here—was not informed that any further review was available to him following the second level response."), report and recommendation adopted, No. 2:12-CV-3006 KJM AC, 2014 WL 1330633 (E.D. Cal. Mar. 31, 2014).

Based on the foregoing, it is clear from the face of the complaint, and the documents incorporated by reference, that Plaintiff failed to exhaust available administrative remedies for the claims brought in this action. Therefore, his claims must be dismissed, without prejudice.

**IV.**

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed on July 18, 2018 (ECF No. 20), be granted on the grounds that Plaintiff has failed to exhaust available administrative remedies; and

2. This action should be dismissed, without prejudice.

///

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 14, 2018**

UNITED STATES MAGISTRATE JUDGE

9